793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT J. KONDRAT, Plaintiff-Appellant,
v.
HON. FRANK D. CELEBREZZE, CHIEF JUSTICE, OHIO SUPREME COURT,
Defendant-Appellee.
 85-3324
 United States Court of Appeals, Sixth Circuit.
 5/1/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: CONTIE and RYAN, Circuit Judges; BROWN, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order dismissing his pro se civil rights action brought under 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed this action against Ohio Supreme Court Chief Justice Frank Celebrezze alleging that Justice Celebrezze dismissed plaintiff's state court appeals for failure to present substantial constitutional questions. The complaint also alleged that Justice Celebrezze failed to discipline the inferior courts and had a partisan political philosophy. Plaintiff sought $750,000.00 in 'attorney fees' as relief. Defendant filed a motion to dismiss. Plaintiff filed a response. The district court granted the motion to dismiss on the grounds of judicial immunity.
 
 
 3
 Judicial officers are entitled to absolute immunity for their judicial acts. Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, ---- U.S. ----, 106 S.Ct. 351 (1985); Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984). A judicial act is one normally performed by a judicial officer in his official capacity. See King v. Love, supra. Clearly, entering an order dismissing an appeal is a judicial act, and Justice Celebrezze is entitled to absolute immunity. The remaining allegations do not specify any wrongful acts by Justice Celebrezze, judicial or otherwise. Plaintiff cited to Pulliam v. Allen, 466 U.S. 522 (1984), for the proposition that judicial immunity does not bar prospective injunctive relief. While this is true, it does not affect the dismissal of plaintiff's case since prospective injunctive relief was not requested in the complaint. The district court properly held that plaintiff c uld prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).